# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ERNEST & JOYCE MCDADE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CV 10-588-S-EJL |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| INTERNAL REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently pending before the Court is Plaintiffs' Motion for Preliminary Injunction (Docket No. 3) and the Idaho State Tax Commission's Motion to Dismiss (Docket No. 6). The District Court has referred this action to the undersigned for all pretrial matters.[1] (Docket No. 5). Accordingly, having carefully reviewed the record and otherwise being fully advised, the Court enters this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## I. BACKGROUND

On November 29, 2010, Plaintiffs filed a Complaint alleging that the Idaho State Tax Commission violated Plaintiffs' constitutional rights by imposing a tax liability on them and garnishing Plaintiff Ernest McDade's income. Compl. (Docket No. 1). Plaintiffs assert that they are not subject to state taxes because of their status as members of the Western Shoshone Nation. Plaintiffs also argue that they were denied the right to appeal an Idaho Tax Commission

---

[1] After this Report was drafted, but before it was filed, the IRS Defendant also filed a Motion to Dismiss. (Docket No. 9). The time for Plaintiffs to respond to the IRS's Motion has not yet expired and that Motion will be addressed at a later time, if necessary.

**REPORT AND RECOMMENDATION - 1**

Decision because a $14,000 fee was associated with the appeal. Finally, Plaintiffs argue that Mr. McDade was denied a fair hearing before the tax court because he has severe hearing loss and was unable to hear all that was being said at the hearing.

Plaintiffs filed a Motion for Injunction the same day they filed their Complaint. (Docket No. 3). Plaintiffs seek an injunction to stop any garnishments of Mr. McDade's income and bank accounts until the issues raised in this case are decided by the Court. Defendant Idaho State Tax Commission ("Tax Commission") has responded to Plaintiffs' Motion and the time for Plaintiffs to file a reply has expired. Response (Docket No. 8). The Tax Commission also has filed a Motion to Dismiss (Docket No. 6) and argues that this Court lacks jurisdiction to consider any issues in this case, including the Motion for Injunction. Plaintiffs also have not responded to the Motion to Dismiss and the time for doing so expired on January 14, 2011.

## II. REPORT

**A.    Motion to Dismiss**

   **1.    Legal Standards - Subject Matter Jurisdiction**

The Court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Plaintiffs have the burden of proving jurisdiction exists. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

   **2.    Discussion**

Plaintiffs' Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and they have not responded to the Tax Commission's jurisdictional challenge. For these reasons alone, they have not met their burden of proving that jurisdiction exists. *See Tosco Corp.*, 236 F.3d at 499; D. Idaho L. Civ. R. 7.1(e)

(if a party fails to file a required responsive document, such failure may be deemed to constitute a consent to the granting of the motion). However, the Court is mindful that it must construe a pro se plaintiff's complaint liberally, *see, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995), and will therefore consider the merits of the Tax Commission's arguments in support of dismissal for lack of subject matter jurisdiction.

The Eleventh Amendment bars suits in federal court against state agencies, absent a constitutionally-grounded congressional abrogation or express waiver of the state's immunity. *See Krainski v. Nevada ex. Rel. Bd. Of Regents*, 616 F.3d 963, 968 (9th Cir. 2010) (explaining that the "Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies"); *see also* Idaho Code § 63-101 (creating Tax Commission as a state agency). There has been no congressional abrogation with regard to the collection of state taxes. Instead, federal courts, pursuant to the Tax Injunction Act, are not allowed to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had" in the state court. 28 U.S.C. § 1341.[2] "When applicable, the [Tax Injunction] Act prohibits both declaratory and injunctive

---

[2] As the Eleventh Circuit explained in *Osceola v. Florida Dep't of Rev.*, 893 F.2d 1231, 1232-33 (11th Cir. 1990):
> The Act does not confer jurisdiction, but instead limits jurisdiction which might otherwise exist. *May v. Supreme Court of Colorado*, 508 F.2d 136 (10th Cir. 1974), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975). The Tax Injunction Act was intended to prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes. *Wells v. Malloy*, 510 F.2d 74 (2d Cir. 1975). After passage of the Act, a taxpayer must follow required state procedure and is generally deprived of access to federal courts to obtain determination of federal issues. *Geo. F. Alger Co. v. Peck*, 347 U.S. 984, 74 S.Ct. 853, 98 L.Ed. 1120 (1954).

**REPORT AND RECOMMENDATION - 3**

relief, as well as § 1983 suits for damages." *Lowe v. Washoe County*, No. 09-15759, 2010 WL 5128076, at *2-3 (9th Cir. Dec. 16, 2010) (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 113 (1981); *California v. Grace Brethren Church*, 457 U.S. 393, 408-09 (1982)) (internal citations omitted)). The Act also bars claims related to whether a state may collect personal income taxes from Native Americans if a plain, speedy, and efficient remedy is provided in state court. *See, e.g.*, *Dillon v. Montana*, 634 F.2d 463 (9th Cir. 1980).

Here, the Plaintiffs had a plain and efficient remedy in state court; they could appeal an adverse tax determination under Idaho Code § 63-3049.[3] Although Plaintiffs allege in their Complaint that they were effectively denied the right to appeal because they could not post the required bond, they had options other than posting a cash bond. Idaho Code § 63-3049 provides that "[b]efore a taxpayer may seek review by the district court or the board of tax appeals, the taxpayer shall secure the payment of the tax or deficiency as assessed by depositing cash with the tax commission in an amount equal to twenty percent (20%) of the amount asserted."[4]

---

[3] Section 63-3049(a) provides:
> Redetermination by the state tax commission may be reviewed in the district court for Ada county or the county in which the taxpayer resides or has his principal office or place of business by a complaint filed by the taxpayer against the state tax commission within ninety-one (91) days after the receipt of notice of the decision of the state tax commission denying, in whole or in part, any protest of the taxpayer or, within the same period, by filing an appeal with the board of tax appeals. Upon the serving of summons upon the state tax commission the case shall proceed as other civil cases but may be heard by the judge in chambers. If the case is appealed to the board of tax appeals, the hearing before that body shall proceed as set forth in the act creating such board.

[4] *See also Ag Air, Inc. v. Idaho State Tax Com'n*, 132 Idaho 345, 347, 972 P.2d 313, 315 (1999) (explaining that a bond is required even when the taxpayer is challenging the

**REPORT AND RECOMMENDATION - 4**

However, "[i]n lieu of the cash deposit, the taxpayer may deposit any other type of security acceptable to the tax commission." *Id.*

The Idaho Supreme Court has held that there are no constitutional infirmities presented by requiring a cash deposit or other type of security as a prerequisite to review of a Tax Commission decision. *Tarbox v. Tax Com'n*, 107 Idaho 957, 961, 695 P.2d 342, 346 (1984) (addressing a due process claim). There is no indication in the record that Plaintiffs sought to post another type of security (in lieu of the $14,000 bond) to pursue their appeal. Moreover, in Idaho, a court may "authorize the commencement or defense of any action without prepayment of fees, costs *or security*, by any indigent person" if that person meets certain requirements. Idaho Code § 31-3220 (emphasis added). There also is no indication in the record that Plaintiffs sought to appeal as indigent persons entitled to waiver of the security requirement.

Finally, Plaintiffs could have challenged the propriety of the Tax Commission's notice of deficiency determination under the procedures set forth in Idaho Code Section 63-3045B, or contest the proceedings the Tax Commission has filed for writs of mandate under Idaho Code Section 63-3030A. Accordingly, because the state has provided more than one method for Plaintiffs to obtain a sufficient remedy, and the Tax Injunction Act therefore prohibits this Court from granting relief on Plaintiffs' claims, it is recommended that the District Court grant the Tax Commission's Motion to Dismiss for lack of subject matter jurisdiction.[5]

---

constitutionality of tax statutes).

[5] Additional support exists for the federal court to restrain from ruling on the merits of this case. "More embracive than the [Tax Injunction Act], [is] the comity doctrine applicable in state taxation cases [that] restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.*, ___ U.S., ___, 130 S.Ct. 2323, 2327 (2010) (explaining that comity considerations preclude the exercise of lower

**REPORT AND RECOMMENDATION - 5**

B.  **Other Matters**

Because the Court lacks jurisdiction to adjudicate Plaintiffs' claims against the Tax Commission, it lacks jurisdiction to rule on Plaintiffs' request for injunctive relief to prohibit the Tax Commission's garnishment activities. Concomitantly, because the garnishment Plaintiffs seek to stop through an injunction is one apparently put in place by the Tax Commission, the requested injunction does not seek to bar any activity by the other named Defendant, the United States Internal Revenue Service ("IRS"), and, therefore, is moot as to that Defendant.

Additionally, it is not clear from the Complaint what role, if any, Defendant IRS had in the events leading to the claims Plaintiffs bring in this action. Accordingly, it is also recommended that the District Court dismiss this case in its entirety if Plaintiffs do not file an amended complaint setting forth the factual basis for the claims against the IRS and the jurisdictional basis for bringing those claims before the federal district court.

## III.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court GRANT the Tax Commission's Motion to Dismiss (Docket No. 6) for lack of subject matter jurisdiction, as to the claims against the Tax Commission. It is also recommended that the District Court find the Motion for Injunction (Docket No. 3) MOOT. Finally, it is recommended that the District Court dismiss this case in its entirety if Plaintiffs do not file, within 21 days of the District Court

---

federal-court adjudicatory authority over the controversy at issue in that case, "given that an adequate state-court forum is available to hear and decide respondents' constitutional claims") (describing *Fair Assessment in Real Estate Ass'n., Inc. v. McNary*, 454 U.S. 100 (1981)).

**REPORT AND RECOMMENDATION - 6**

entering an order on this Report and Recommendation, an amended complaint setting forth the factual basis for the claims against the IRS and the jurisdictional basis for bringing those claims before the federal district court.

Written objections to this Report and Recommendation, if any, must be filed within 14 days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1. If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.

DATED: **January 31, 2011.**

*/s/ Ronald E. Bush*

Honorable Ronald E. Bush
U. S. Magistrate Judge