UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERNEST J. MCDADE and JOYCE A. MCDADE<br><br>              Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al<br>              Defendants. | Case No. 1:10-CV-00588-EJL-REB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On January 31, 2011, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Docket No. 11 ) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

ORDER - 1

Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi,* 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 11 ) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED**: 1) The Court will **GRANT** the Tax Commission's Motion to Dismiss (Docket No. 6) for lack of subject matter jurisdiction, as to the claims against the Tax Commission. 2) The Court finds the plaintiff's Motion for Injunction (Docket No. 3) **MOOT**. 3) Plaintiffs are to file, within 21 days of this Order, an amended complaint setting forth the factual basis for the claims against the IRS

ORDER - 2

and the jurisdictional basis for bringing those claims before the federal district court.

Failure to file an amended complaint will result in the dismissal of claims against the IRS.



DATED: **February 23, 2011**

Honorable Edward J. Lodge
U. S. District Judge